UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BEVERLY FORD,

       Plaintiff,

v.                                    CASE NO. 3:09-cv-00688-J-JBT

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

       Defendant.

_____/

## ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her applications for a Period of Disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI").  The Court has reviewed the record, the briefs, and the applicable law.  For the reasons set forth herein, the Commissioner's decision is due to be **REVERSED and REMANDED**.

### I.    Issue on Appeal and Summary of Decision

There is only one issue on appeal:  whether the Administrative Law Judge ("ALJ") erred in failing to develop a full and fair record.  The Court holds that the ALJ did so err.  Therefore, the ALJ's decision must be reversed and the case remanded for the ALJ to develop a full and fair record and conduct any further appropriate proceedings.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  (Docs. 16 & 17.)

## II.    Procedural History and Summary of the ALJ's Decision

On August 27, 2007, Plaintiff protectively filed applications for a Period of Disability, DIB, and SSI, alleging she became disabled on October 19, 2006.  (Tr. 104-17, 132-37, 174-76.)  The Social Security Administration ("SSA") denied these applications initially and on  reconsideration.  (Tr. 51-63, 68-71.)    Plaintiff then requested and received a hearing before the ALJ on September 11, 2008, during which she was represented by a non-attorney.  (Tr. 21-49, 64, 72-76, 88-96, 103.) Plaintiff and Charles Kimball Heartsill, a vocational expert ("VE"), appeared and testified at the hearing.  (Tr. 21-49.)

At the hearing, Plaintiff's representative explained that there were additional treating records from the pulmonary department at Shands Hospital that were not submitted because they were not received in time for the hearing.   (Tr. 23.)  In response, the ALJ stated: "If we get those before we get a decision out we'll enter them, consider, and evaluate them along with the other evidence.  All right, I'm not going to hold the record separately open for that at this point."  (Tr. 23-24.)

At the conclusion of the testimony, Plaintiff's representative again made reference to the missing records, and indicated that she would like to have the opportunity to re-question the VE upon receipt of the records from Plaintiff's pulmonary treating physician.  (Tr. 45-46.)  The ALJ reiterated that if he had the records before he issued his decision, he would consider them, but he would not wait for those records.  (Tr. 46-48.)  He gave no reason for not being willing to await

2

the records prior to his decision, except he stated he had no idea what was in the records or when he would get them.  (Tr. 46.)

On September 23, 2008, twelve days after the hearing, the ALJ issued his decision, finding Plaintiff not disabled and denying her claim.  (Tr. 8-20.)  The ALJ first determined that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2012.  (Tr. 13.)  At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 19, 2006.  (*Id*.)  At step two, the ALJ determined that Plaintiff had "the following severe impairments: obesity, mild facet arthroplasty of the lumbar spine . . . , chronic obstructive pulmonary disease, sleep apnea, osteoarthritis of the knees . . . , hypertension, cystitis, diabetes mellitus, and kidney problems."  (Tr. 14.)

At step three, the ALJ concluded that Plaintiff did not have an impairment, or combination of impairments, that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 16.)  The ALJ then determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform sedentary work with the following additional restrictions: "[S]he must avoid ladders or unprotected heights, and operation of heavy moving machinery.  She must void [sic] concentrated dust, fumes, or gases.  She can occasionally bend, crouch, kneel, stoop, squat, or crawl.  She must avoid operation of foot controls.  She must use a mono cane to ambulate."  (Tr. 17.)  Next, at step four the ALJ determined that Plaintiff could perform her past relevant work as an outpatient admit clerk.  (Tr. 19.)

Thus, the ALJ concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act from October 19, 2006 through September 23, 2008. (Tr. 20.)

Following the ALJ's decision, Plaintiff filed a Request for Review by the Appeals Council, which was denied on June 9, 2009. (Tr. 1-6.) Accordingly, the ALJ's September 23, 2008 decision is the final decision of the Commissioner. On July 23, 2009, Plaintiff timely filed her Complaint with this Court. (Doc. 1.)

### III.    Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months.   42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).   The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920.   The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).[2]

The scope of this Court's review is limited to determining whether the ALJ

---

[2] The law and regulations governing a claim for DIB and a claim for SSI are identical; therefore, claims for DIB and SSI are treated identically for the purpose of determining whether a claimant is disabled. *Patterson v. Bowen*, 799 F.2d 1455, 1456 n.1 (11th Cir. 1986); *see also McCruter v. Bowen*, 791 F.2d 1544, 1545 n.2 (11th Cir. 1986).

applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) ("Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'").

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

### IV.   Analysis

"It is well-established that the ALJ has a basic duty to develop a full and fair record." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam).  One way to develop a full and fair record is by "keeping the record open after the hearing to allow supplementation of the record."  *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

Furthermore, in determining whether a failure to develop the record requires remand, the Eleventh Circuit has stated that it is guided by "whether the record reveals evidentiary gaps which results in unfairness or 'clear prejudice.'"  *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995) (per curiam) (citations omitted).   In assessing whether there was prejudice in the case before it, the *Brown* court stated:

> The lack of medical and vocational documentation supporting an applicant's allegations of disability is undoubtedly prejudicial to a claim for benefits.  We have no way of knowing whether the evidence missing from this case would sustain Brown's contentions of her inability to work.   In the absence of proof to the contrary, however, we must assume that is does lend credence to her allegations.

*Id*. at 935-36.

The Eleventh Circuit noted that it was not suggesting that "a remand is warranted any time a claimant alleges that the ALJ has neglected to complete the record."  *Id*. at 936 n.9.  However, the "likelihood of unfair prejudice" arose in that case because "the evidentiary gap involves recent medical treatment, which the claimant contends supports her allegations of disability, or the receipt of vocational

6

services."  *Id.  See also Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985) (per curiam) (stating that a showing of prejudice requires at least "that the ALJ did not have all the relevant evidence before him in the record"); *Smith v. Schweiker*, 677 F.2d 826, 830 (11th Cir. 1982) (in assessing whether the claimant was prejudiced by lack of counsel, "the record as a whole reveals that no relevant facts, documents, or other evidence were omitted from the ALJ's consideration or his findings").

In this case, the omitted records consist of treating records from Plaintiff's pulmonologist, Dr. James D. Cury, dated February 7, 2008, April 17, 2008, and July 17, 2008, and a questionnaire completed by Dr. Cury on September 26, 2008.[3]  (Tr. 430-37.)  The treatment records concern Plaintiff's difficulty in breathing and walking. (*Id.*)  There is an indication in the progress notes from the doctor that Plaintiff "is disabled."[4]  (Tr. 433.)  In response to the questionnaire, Dr. Cury indicated that Plaintiff's diagnosis was "[m]orbid obesity with obstructive sleep apnea and hypoventilation syndrome."  (Tr. 436.)  In addition, Dr. Cury indicated that Plaintiff "can walk about 50 feet and is pathologically hyper somnolent at rest."[5]  (*Id.*)

---

[3] These records are before the Court because they were submitted to the Appeals Council.  Therefore, unlike the *Brown* court, this Court is able to assess the relevancy of the omitted records.

[4] The Court notes that the ALJ would not have to give this conclusory statement significant weight.  *See* 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1); *see also Carter v. Comm'r of Soc. Sec.*, 2011 WL 292255, *4 (11th Cir. Feb. 1, 2011) (per curiam).

[5] Dr. Cury did not respond to the following question: "In your opinion, do you believe this claimant can work and perform work at a substantial level 8 hours a day, 5 days a week?  If not, please explain."  (Tr. 437.)

It is obvious that the aforementioned records are relevant to and supportive of Plaintiff's claim.  Moreover, they concern recent treatment and contain opinions of a treating physician regarding Plaintiff's impairments and limitations.  It was indeed unfair not to allow Plaintiff to present these records after the hearing.  *Cf. Bucco v. Astrue*, 2010 WL 548060, *1 (S.D. Fla. Feb. 11, 2010) (agreeing "with the Magistrate Judge that the ALJ's refusal to keep the record open did not prejudice the Plaintiff since the evidence that the Plaintiff produced for the Appeals Council did not support his position").

Defendant argues that the record already contained evidence of Plaintiff's breathing difficulties, which the ALJ considered.  (Doc. 23 at 7.)  Further, Defendant argues that "Plaintiff failed to show that the ALJ needed more evidence to make an informed decision."  (*Id.*)  In effect, Defendant argues that this evidence is cumulative. First, the Court disagrees that the evidence is cumulative because it involves recent treatment and opinions from a treating pulmonologist that are otherwise not in the record.  Moreover, it is questionable whether evidence of this significance could ever be considered cumulative since the claimant bears the burden of proving that she is disabled and must produce evidence in support of her claim.  *See* 20 C.F.R §§ 404.1512(a), 416.912(a).  It is anomalous for the Commissioner to hold Plaintiff to this burden, and at the same time not allow Plaintiff adequate opportunity to submit evidence to meet the burden.  Further, the ALJ's decision must be based on the record as a whole.  As the *Brown* court indicated,

8

medical evidence that supports an applicant's allegations of disability are relevant, and must be considered by the ALJ.  Thus, remand is required.

Accordingly, it is **ORDERED**:

1.    The Commissioner's decision is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

2.     On remand, the Commissioner shall consider the omitted evidence discussed herein and otherwise develop a full and fair record.  The ALJ shall also conduct any further proceedings deemed appropriate.

3.    Should this remand result in the award of benefits, Plaintiff's attorney is **GRANTED**, pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, an extension of time in which to file a petition for authorization of attorneys' fees under 42 U.S.C. § 406(b), until thirty (30) days after the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorneys' fees.  This Order does not extend the time limits for filing a motion for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

4.    The Clerk of Court is **DIRECTED** to enter judgment consistent with this Order and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on February 11, 2011.


JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record